## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AARON MICHAEL BOSTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-2565** |
| **PARISH OF JEFFERSON, ET AL.** | **SECTION: "N"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Aaron Michael Boston, a state pretrial detainee, filed this *pro se* and *in forma pauperis* federal civil rights action against the Parish of Jefferson, the Jefferson Parish District Attorney's Office, the Jefferson Parish Sheriff's Office, Sheriff Newell Normand, Deputy Marc Macaluso, Sergeant Richard Dykes, and Deputy Jeffery Melle. In this lawsuit, plaintiff brings claims for "malicious arrest," false imprisonment, "malfeasance," and malicious prosecution.

In order to better understand plaintiff's claims, the Court held a Spears hearing on October 24, 2011. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

At the Spears hearing, plaintiff testified that this lawsuit is related to another civil action he previously filed: Boston/Rousell v. Normand, Civ. Action No. 11-829 "B"(1). That prior lawsuit was dismissed for failure to prosecute; however, on this same date, the undersigned is issuing a report recommending that the prior case be reopened based on plaintiff's motion.

Plaintiff stated that while the two lawsuits are related, they are distinct. He explained that he brought the first lawsuit to challenge the fact of his arrest on February 1, 2011, whereas he brought the instant lawsuit primarily to challenge his continued prosecution on a charge arising from that arrest. Plaintiff claims that the remaining charge on which he is awaiting trial, i.e. felon in possession of a firearm, is bogus and that the authorities have no viable evidence to support that charge. Therefore, he argues that his continued prosecution and detention for that charge results solely from the defendants' malice and "malfeasance."

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[1] Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is malicious if the plaintiff is asserting against the same or different defendants virtually identical causes of action "arising from the same series of events and alleging many of the same facts as an earlier suit." Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988). "When declaring that a successive in forma pauperis suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple – but not more." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[2] the Court nevertheless finds that, for all of the following reasons, plaintiff's complaint should be dismissed as malicious, frivolous, and/or for failure to state a claim on which relief may be granted.

## I. Parish of Jefferson

Plaintiff has sued the Parish of Jefferson. The United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the

---

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

>custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3. In the instant case, plaintiff does not even allege that his constitutional rights were violated as a result of a policy or custom of the Parish of Jefferson, much less identify such a policy or custom. Accordingly, he has failed to state a proper claim, and the claim against the Parish of Jefferson should therefore be dismissed.

## II.  Jefferson Parish District Attorney's Office

Plaintiff has also sued the Jefferson Parish District Attorney's Office; however, that office is not a proper defendant. A parish district attorney's office simply is not a legal entity capable of being sued. Hudson v. City of New Orleans, 174 F.3d 677, 680 (5th Cir. 1999) ("Louisiana law does not permit a district attorney's office to be sued in its own name."); Harris v. Orleans District Attorney's Office, Civ. Action No. 09-6622, 2009 WL 3837618, at *2 (E.D. La. Oct. 13, 2009) (Knowles, M.J.) (adopted by Berrigan, J., on November 9, 2009). Accordingly, the claim against the Jefferson Parish District Attorney's Office must be dismissed.

### III.  Jefferson Parish Sheriff's Office

Plaintiff has also named the Jefferson Parish Sheriff's Office as a defendant in this matter. However, that, too, is improper, because a Louisiana parish sheriff's office also is not a legal entity capable of being sued.  Cozzo v. Tangipahoa Parish Council–President Government, 279 F.3d 273, 283 (5th Cir. 2002); see also Haywood v. Gusman, Civ. Action No. 06-3517, 2008 WL 516714, at *3 (E.D. La. Feb. 26, 2008); Wetzel v. St. Tammany Parish Jail, 610 F. Supp. 2d 545, 548 (E.D. La. 2009); Smith v. St. Tammany Parish Sheriff's Office, Civ. Action No. 07-3525, 2008 WL 347801, at *2 (E.D. La. Feb. 6, 2008); Causey v. Parish of Tangipahoa, 167 F. Supp. 2d 898, 904 (E.D. La. 2001); Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D. La. 1988).  Accordingly, the claim against the Jefferson Parish Sheriff's Office must likewise be dismissed.

### IV.  Sheriff Newell Normand

Plaintiff has also sued Sheriff Newell Normand.  Plaintiff does not indicate whether Sheriff Normand is being sued in his official capacity, his individual capacity, or both.  However, regardless of plaintiff's intent, no claim has been properly stated against the sheriff in any capacity.

"Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent."  Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999).  Accordingly, an official-capacity claim against Sheriff Normand would in reality be a claim against the local governmental entity he serves.  As previously explained in this opinion, in order to hold a a local government unit liable under § 1983, a plaintiff must initially allege that a specifically identified official policy or custom was a cause in fact of the deprivation of rights inflicted.  Again, plaintiff does not even allege that his constitutional rights were violated as a result

of a policy or custom, much less identify such a policy or custom. Therefore, no official-capacity claim has been properly stated against the sheriff.

To the extent that plaintiff intended to assert an individual-capacity claim against Sheriff Normand, he has again failed to state a proper claim. "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Additionally, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Here, plaintiff makes no factual allegations whatsoever against Sheriff Normand or allege that he was in any way personally involved in the events giving rise to plaintiff's claims. Therefore, no individual-capacity claim has been properly stated against the sheriff.[3]

Accordingly, for all of the foregoing reasons, plaintiff's claims against Sheriff Normand should be dismissed.

V.  Deputy Marc Macaluso, Sergeant Richard Dykes, and Deputy Jeffery Melle

The Court is therefore left with only the claims against Deputy Marc Macaluso, Sergeant Richard Dykes, and Deputy Jeffery Melle. For the following reasons, those claims should also be dismissed.

---

[3] Moreover, Court notes that Sheriff Normand cannot be held vicariously liable for the actions of his subordinates pursuant to 42 U.S.C. § 1983. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver, 276 F.3d at 742 ("Section 1983 does not create supervisory or *respondeat superior* liability.").

As noted previously, plaintiff explained at the Spears hearing that this lawsuit is primarily intended to challenge his continued prosecution, not the fact of his arrest. That said, in the complaint plaintiff expressly brings a claim for "malicious arrest." Because claims challenging the legality of his arrest clearly duplicate the claims asserted in Boston/Rousell v. Normand, Civ. Action No. 11-829 "B"(1), any such claims asserted in this lawsuit should be dismissed as malicious.

The same is true of plaintiff's claim for false imprisonment. As the United States Supreme Court has explained, the torts of "false arrest and false imprisonment overlap." Wallace v. Kato, 549 U.S. 384, 388 (2007). This is so because the tort of false imprisonment encompasses *only* those claims that an individual has been detained *without legal process*. Id. at 389-90. Therefore:

> [A] false imprisonment ends once the victim becomes held *pursuant to such process* – when, for example, he is bound over by a magistrate or arraigned on charges. Thereafter, unlawful detention forms part of the damages for the "entirely distinct" tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process.

Id. Therefore, plaintiff is required to bring his false arrest and false imprisonment claims together for consideration in only the prior lawsuit. Accordingly, because the former claim is subject to dismissal as malicious, the latter is as well.

Plaintiff's claim for malicious prosecution fares no better. Even if Macaluso, Dykes, and Melle would otherwise be proper defendants with respect to claims arising from plaintiff's continued prosecution and detention after arraignment, a proposition which seems doubtful at best, his malicious prosecution claim is not actionable. Simply put, at least in this federal circuit, there is no "freestanding constitutional right to be free from malicious prosecution." Castellano v. Fragozo, 352 F.3d 939, 945 (5th Cir. 2003); see also Quinn v. Roach, 326 Fed. App'x 280, 289 (5th Cir. 2009);

Bloss v. Moore, 269 Fed. App'x 446, 448 (5th Cir. 2008); Moore v. Blanco, 255 Fed. App'x 824, 825-26 (5th Cir. 2007). Accordingly, plaintiff's malicious prosecution claim is not independently cognizable under 42 U.S.C. § 1983. Deville v. Mercantel, 567 F.3d 156, 169 (5th Cir. 2009). Therefore, that claim should be dismissed as frivolous and/or for failure to state a claim on which relief may be granted.

Lastly, the Court notes that plaintiff also indicates that he is asserting a claim for "malfeasance." However, it is not readily apparent how, and plaintiff certainly has not explained how, that "claim" is separate and distinct from the foregoing claims for false arrest, false imprisonment, and malicious prosecution. Therefore, even if the Court assumes for the purposes of this decision that a "malfeasance" claim might independently exist in some circumstances, this is not such a circumstance. Because plaintiff's "malfeasance" claim is nothing more than the foregoing claims simply reurged under a different name, it requires no separate analysis.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's false arrest/false imprisonment claims against Deputy Marc Macaluso, Sergeant Richard Dykes, and Deputy Jeffery Melle be **DISMISSED WITHOUT PREJUDICE** to their prosecution in Boston/Rousell v. Normand, Civ. Action No. 11-829 "B"(1), if that case is reopened.

It is **FURTHER RECOMMENDED** that plaintiff's remaining claims be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after

9

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[4]

New Orleans, Louisiana, this thirty-first day of October, 2011.



_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.