UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AARON MICHAEL BOSTON | CIVIL ACTION |
| VERSUS | NO. 11-2565 |
| PARISH OF JEFFERSON, ET AL. | SECTION: "N"(1) |

### REPORT AND RECOMMENDATION

Plaintiff, Aaron Michael Boston, a state pretrial detainee, filed this *pro se* and *in forma pauperis* federal civil rights action. In his original complaint, he sued the Parish of Jefferson, the Jefferson Parish District Attorney's Office, the Jefferson Parish Sheriff's Office, Sheriff Newell Normand, Deputy Marc Macaluso, Sergeant Richard Dykes, and Deputy Jeffery Melle.

On October 24, 2011, the undersigned United States Magistrate Judge conducted a Spears hearing to better understand the factual bases of plaintiff's claims. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).[1] Thereafter, on October 31, 2011, the undersigned issued a report

---

[1] "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

recommending that all of plaintiff's claims be dismissed.[2] On November 10, 2011, the District Judge adopted that Report and Recommendation and entered judgment.[3]

On December 7, 2011, the District Judge then reopened the case. Plaintiff was allowed to file an amended complaint adding claims of malicious prosecution and "malfeasance in office" against Deputy Mark Monson, Deputy Henry L. Conravey, Assistant District Attorney Mike Smith, and Assistant District Attorney Scott Schlegel, and a claim of malicious prosecution against Deputy Marc Macaluso.[4]

On April 10, 2012, the undersigned held a Spears hearing concerning plaintiff's new claims. At that hearing, plaintiff testified that, like his original claims, his new claims arise out of his pending state criminal charge of being a felon in possession of a firearm. He claims that the criminal charge is bogus and that defendants have no viable evidence to support the charge. He therefore argues that his continued prosecution for that charge results solely from the defendants' malice and "malfeasance."[5]

---

[2] Rec. Doc. 6; Boston v. Parish of Jefferson, Civ. Action No. 11-2565, 2011 WL 5519941 (E.D. La. Oct. 31, 2011).

[3] Rec. Docs. 8 and 9; Boston v. Parish of Jefferson, Civ. Action No. 11-2565, 2011 WL 5521185 (E.D. La. Nov. 10, 2011).

[4] Rec. Docs. 11 and 14. The District Judge's order did not allow plaintiff to reopen the claims from his original complaint, and those claims were again dismissed with prejudice. Rec. Doc. 11.

[5] At the original Spears hearing on October 24, 2011, plaintiff explained that the instant lawsuit challenges his *continued prosecution* on the criminal charge arising out of his arrest on February 1, 2011. He testified that he brought a separate lawsuit to challenge the validity of the arrest itself. Plaintiff's false arrest claims in that related case are currently stayed until the state criminal proceedings are resolved. Boston v. Normand, Civ. Action No. 11-829, 2012 WL 607978, at *4-5 (E.D. La. Feb. 24, 2012).

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[6] Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the

---

[6] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's amended complaint and Spears hearing testimony,[7] the Court nevertheless finds that, for all of the following reasons, plaintiff's new claims should be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

---

[7] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

In the amended complaint, plaintiff once again asserts claims for malicious prosecution. However, as noted in the original Report and Recommendation issued in this case, the United States Fifth Circuit Court of Appeals has held that there is no "freestanding constitutional right to be free from malicious prosecution." Castellano v. Fragozo, 352 F.3d 939, 945 (5th Cir. 2003); see also Quinn v. Roach, 326 Fed. App'x 280, 289 (5th Cir. 2009); Bloss v. Moore, 269 Fed. App'x 446, 448 (5th Cir. 2008); Moore v. Blanco, 255 Fed. App'x 824, 825-26 (5th Cir. 2007). Accordingly, plaintiff's malicious prosecution claims simply are not independently cognizable under 42 U.S.C. § 1983. Deville v. Mercantel, 567 F.3d 156, 169 (5th Cir. 2009).[8]

In the amended complaint, as in the original complaint, plaintiff also asserts claims for "malfeasance." However, once again, it is not readily apparent how those "claims" are separate and distinct from the foregoing claims for malicious prosecution. Therefore, even if the Court assumes for the purposes of this decision that a "malfeasance" claim might independently exist in some circumstances, this is not such a circumstance. Because plaintiff's "malfeasance" claims are nothing more than the foregoing malicious prosecution claims simply reurged under a different name, they require no separate analysis.

---

[8] Even if the malicious prosecution claims were actionable, which they are not, Mike Smith and Scott Schlegel would be improper defendants in any event. Smith and Schlegel are the assistant district attorneys prosecuting plaintiff in the state criminal proceedings. It is clear that prosecutorial immunity protects prosecutors against claims based on their "actions in initiating the prosecution and in carrying the case through the judicial process." Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994). A prosecutor's absolute immunity also extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." Buckley v. Fitzsimmons, 509 U.S. 259, 272 (1993) (quotation marks omitted). Further, "[a]bsolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently." Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987) (quotation marks omitted).

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's claims against Mark Monson, Henry L. Conravey, Mike Smith, and Scott Schlegel for malicious prosecution and "malfeasance in office" and plaintiff's claim against Marc Macaluso for malicious prosecution be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[9]

New Orleans, Louisiana, this sixteenth day of April, 2012.

                                                  **SALLY SHUSHAN**
                                                  **UNITED STATES MAGISTRATE JUDGE**

---

[9] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.